# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2014

Lyle W. Cayce
Clerk

No. 12-40750

CHRISTY CARTY, Individually and as Next Friend for Bryce Carty, Justice Carty and Maddy Carty, Minors and as Representative of the Estate of Jimmy Carty Jr, Deceased,

Plaintiff–Appellee,

v.

STATE OFFICE OF RISK MANAGEMENT,

Intervenor Plaintiff–Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY,

Defendant.

Appeal from the United States District Court
for the Eastern District of Texas

Before HIGGINBOTHAM, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:

Intervenor Plaintiff–Appellant State Office of Risk Management (SORM) appeals the district court's judgment approving the settlement between Christy Carty, individually and as next friend to her minor children, and a private party alleged to be responsible for her husband's death. Specifically, it challenges the district court's deduction of attorneys' fees and expenses from its subrogation interest as well as the court's conclusion

No. 12-40750

regarding the extent to which SORM could suspend future payments to the Carty children.

In our prior opinion,[1] we held that the district court did not commit reversible error in deducting attorneys' fees and expenses.[2] We concluded, however, that SORM's second point of error involved questions upon which Texas law was silent.[3] Accordingly, we certified three questions to the Supreme Court of Texas, including:

> How should a workers' compensation carrier's right under section 417.002 [of the Texas Labor Code] to treat a recovery as an advance of future benefits be calculated in a case involving multiple beneficiaries? Should the carrier's right be determined on a beneficiary-by-beneficiary basis or on a collective-recovery basis?[4]

The Supreme Court of Texas has answered this question, and its answer is dispositive. The Texas court held that "when multiple beneficiaries recover compensation benefits through the same covered employee, the carrier's rights to a third-party settlement are determined by treating it as a single, collective recovery rather than separate recoveries by each beneficiary."[5] Because the district court treated the recoveries as separate, it erred in determining the extent to which SORM was entitled to suspend future benefit payments.[6]

Accordingly, the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this opinion.

---

[1] *Carty v. State Office of Risk Mgmt.*, 733 F.3d 550 (5th Cir. 2013).

[2] *Carty*, 733 F.3d at 553-55.

[3] *Id.* at 555.

[4] *Id.* at 561-62.

[5] *State Office of Risk Mgmt. v. Carty*, --- S.W.3d ----, No. 13-0639, 2014 WL 2790810, at *1 (Tex. June 20, 2014).

[6] *See Carty*, 733 F.3d at 552.